OSCAR BLOCK AND ESTHER BLOCK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2465.   Promulgated September 27, 1943.

*Elden McFarland, Esq.,* for the petitioners.
*Edward M. Woolf, Esq.,* for the respondent.

### OPINION.

MURDOCK, *Judge*: The Commissioner has moved to dismiss this proceeding for lack of jurisdiction, the petitioners oppose that motion, and the parties have been heard on the motion. The Commissioner sent by registered mail on April 8, 1943, a notice to the petitioners that he had determined a deficiency in their income tax for the calendar year 1941 in the amount of $224.54. It was addressed to the petitioners at 2025 Eye Street, N. W., Washington, D. C. The petition in this case was filed on July 22, 1943, which was more than 90 days after April 8, 1943. The Court has only such jurisdiction as is given by statute. Section 272 (a) (1) Internal Revenue Code provides that if the Commissioner determines that there is a deficiency in income tax he may send a notice of such deficiency to the taxpayer by registered mail, and within 90 days after such notice is mailed the taxpayer may file a petition with this tribunal for a redetermination of the deficiency. Thus, if the above facts stood alone, it would be quite clear that the Court has no jurisdiction in this proceeding.

However, some further facts are disclosed. The petitioners allege in their petition that they reside at 616 N. Rush Street, Chicago, Illinois, and that their return for the period here involved was filed with the collector for the district of Maryland. The notice above mentioned was not received by them at 2025 Eye Street, N. W., Washington, D. C. Instead, it was returned to the sender. Apparently, the petitioners had moved from that address before the postal authorities attempted to deliver the letter. However, the record does not show just when they left Washington or when they took up residence in Chicago. It does not show that they ever notified the Commis-

sioner of a change in address. The letter of April 8, 1943, was re-mailed by a representative of the Commissioner on April 30, 1943. This time it was addressed to the petitioners "c/o U. S. Housing Authority, North Interior Building, Washington, D. C.," because the Commissioner had information that Oscar was employed by the U. S. Housing Authority. This mailing was not by registered mail but was by ordinary mail. Apparently the U. S. Housing Authority in Washington forwarded the envelope to its Chicago office at 201 N. Wells Street, Chicago, Illinois. The words "Please forward" were placed on this envelope, but the time and circumstances thereof are not shown. The petitioners eventually received the notice, but the time and method of receipt have not been shown.

The petitioners argue on the basis of these additional facts that the Court has jurisdiction. It has been held consistently that the mailing of an unregistered letter by ordinary mail does not comply with the statute so as to give this tribunal jurisdiction. *John A. Gebelein, Inc.*, 37 B. T. A. 605; *William M. Greve*, 37 B. T. A. 450; *Henry Wilson*, 16 B. T. A. 1280; *Henry M. Day*, 12 B. T. A. 161. The Court has no authority to enlarge its jurisdiction by accepting petitions filed more than 90 days after the mailing of a statutory notice of deficiency. Not only would the registered mailing of April 8, 1943, and the ordinary mailing of April 30, 1943, have to be assimilated so as to dignify the second mailing with a registration, but, furthermore, that would have to be done in such a way as to have the 90-day period start on April 30, 1943, instead of on April 8. This can not be done without a disregard of the facts and the statute. Cf. *Eastman Gardiner Naval Stores Co.*, 4 B. T. A. 242. Congress clearly stated that the mailing should be by registered mail and that the 90-day period should start from that date. It undoubtedly had a purpose in this and one of its purposes was, no doubt, to eliminate, as far as possible, any uncertainty as to the beginning of this critical period. A holding for the petitioners in this case would deprive the statute of some of the important benefits which Congress intended should be derived from it. The petitioners have failed to allege facts which would give the Court jurisdiction in this proceeding.

Only one case has come to our attention which might be authority for the filing of a petition after the statutory period has run. It is the case of *Dilks* v. *Blair*, 23 Fed. (2d) 831, reversing a decision of the Board of Tax Appeals. In that case it was held that a delay by the post office in delivering the registered notice to the taxpayer was the fault of the Commissioner and the court allowed an extra day. See *Whitmer* v. *Lucas*, 53 Fed. (2d) 1006. This tribunal has never followed that holding. Subsequent changes in the law, allowing 90 days instead of 60 for the filing of a petition and providing that

a notice may be sent to the last known address, may have rendered the holding obsolete. But, in any event, the *Dilks* case is not applicable here, because there is no showing in this record that the Commissioner was at fault. Neither does it appear here that the taxpayers are free from fault. So far as the record shows, the registered mailing on April 8 was to the last known address, but even if that is not true, then the petitioners have failed to show that their petition was timely filed after the proper mailing of a notice as required by the statute.

The proceeding is dismissed for lack of jurisdiction.