The Arlington Corporation, Transferee v. Commissioner.
Arlington Corp. v. Commissioner
Docket No. 20109.
United States Tax Court
1949 Tax Ct. Memo LEXIS 179; 8 T.C.M. (CCH) 504; T.C.M. (RIA) 49122; May 20, 1949
Hal Lindsay, Esq., and O. P. Allen, C.P.A., for the petitioner. Bernard D. Hathcock, Esq., for the respondent. HARLAN Memorandum Opinion HARLAN, Judge: This matter comes before this Court on two motions to dismiss filed by the Commissioner. The first motion relies on the fact that the petition was not filed within 90 days after the mailing of the notice of deficiency and transferee liability. The second motion, which was filed on the day of the hearing, is based on the grounds that the petition was not from either a notice of deficiency or a notice of liability within the meaning of section 272 (a) (1), I.R.C.
The Arlington Corporation filed its petition herein on August 27, 1948, alleging its incorporation *180 with its "main office and principal place of business in Fulton County, Ga."; that a jeopardy assessment in the amount of $363,702.56 had been entered against petitioner by the collector of internal revenue at Atlanta, Ga., as an alleged transferee of one Annie Lee Irvin; and that a notice thereof with a demand for payment had been made upon petitioner by said collector. The prayer of said petition was "that its liability as transferee of said jeopardy assessment be redetermined and that its property be freed from said claim of lien." A notice of determination of deficiency, together with a determination of transferee liability against petitioner, was sent to the petitioner by the Commissioner, using registered mail, on May 28, 1948. Section 311 (c) [1] of the Internal Revenue Code, sets forth the requirements for mailing such notice where transferee liability is determined by the Commissioner. *181 At the hearing of Commissioner's first motion to dismiss, the evidence disclosed that petitioner's charter, which was granted December 11, 1946, named G. W. Creel, T. W. Fox and Louise Pittman as incorporators and gave the principal office of the corporation as Fulton County, Ga. There was no evidence that the corporation ever published any mailing address. The minutes of the first meeting of its directors disclose that its address was fixed as 1403 Citizens and Southern National Bank Building, Atlanta, Ga. A field representative of the Commissioner, being unable to find the petitioner's address, endeavored to procure an address through personal inquiry but without success. He did, however, get the information that incorporator G. W. Creel, residing at 600 South Main Street, College Park, Fulton County, Ga., was president of petitioner, and upon this information the Commissioner mailed a notice of deficiency and transferee liability to petitioner in care of "George W." Creel instead of "G. W." Creel as president. The exact wording of the address was as follows: Arlington Corporation c/o Mr. George W. Creel, President 600 South Main Street College Park, Georgia The full name of *182 G. W. Creel was Golden Ware Creel. The notice was delivered by registered mail to the residence of Golden Ware Creel, 600 South Main St., College Park, Ga., who was president of the Arlington Corporation, on May 29, 1948. Later, on the day of delivery, Golden Ware Creel personally received the notice and took the same to the residence of one T. W. Fox, vice president of petitioner, who had general charge of petitioner's affairs. Petitioner contends that the address of the notice to George W. Creel was not an address to Golden Ware Creel; and that the failure of Commissioner to send the notice to petitioner's actual address, 1403 Citizens and Southern National Bank Building, Atlanta, Ga., occasioned a delay of two days in the delivery of the said notice which, under the law as set forth in Dilks v. Blair, (7 C.C.A. 1927) 23 Fed. (2d) 831; would extend petitioner's time for filing its petition for a period of time equal to the two days' delay in the actual delivery of the notice to the petitioner at its address in the Citizens and Southern National Bank Building. A clear distinction between the Dilks case and the one at bar is that in the former the taxpayer had furnished *183 the Commissioner with his correct Chicago address in his protest against the field examiner's report. Nevertheless the Commissioner mailed the notice of determination of deficiency to a New York address attached to the income tax return. Because of this mistake, which the court considered due to want of proper care on the part of the Commissioner, the court in the Dilks case extended the period of limitations sufficient time to allow for the remailing of the notice of deficiency from New York to Chicago. In the case at bar, however, the evidence fails to disclose that the petitioner had ever established any mailing address accessible to the public. Also, in the case at bar there is not the slightest evidence that the Commissioner was negligent in any degree in mailing the deficiency notice to the address of the president of petitioner which was the only address known to the Commissioner. In Whitmer v. Lucas, (7 C.C.A. 1921) 53 Fed. (2d) 1006, however, the same Circuit Court refused to recognize the Dilks case as authority for extending the time for filing a petition with the Board of Tax Appeals when the deficiency notice was incorrectly addressed but was actually *184 delivered to the taxpayer. In the instant case the notice of deficiency was addressed to petitioner in care of its president. The fact that the president was called "George W." Creel instead of "G. W." Creel is immaterial inasmuch as the notice was received by him and clearly stated that it was a notice of transferee liability of the corporation of which he was president. The motion of the Commissioner to dismiss the petition because it was not filed within 90 days after the mailing of the notice of deficiency is sustained. Oscar Block, 2 T.C. 761. We express no opinion on Commissioner's motion to dismiss because the petition herein did not ask for relief against a determination of deficiency. The proceeding is dismissed for lack of jurisdiction. Footnotes
1. SEC. 311. TRANSFERRED ASSETS. * * *
(e) Address for Notice of Liability. - In the absence of notice to the Commissioner under section 312 (b) of the existence of a fiduciary relationship, notice of liability enforceable under this section in respect of a tax imposed by this chapter, if mailed to the person subject to the liability at the last known address, shall be sufficient for the purposes of this chapter even if such person is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.↩