MIDTOWN CATERING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19990. Promulgated July 18, 1949.

*Curtis C. Legerton, Esq.*, for the petitioner.
*Robert C. Whitley, Esq.*, for the respondent.

## OPINION.

TURNER, *Judge*: This proceeding was heard on the respondent's motion to dismiss for lack of jurisdiction, on the stated ground that the petition herein is not based upon a statutory notice of disallowance, under section 732 (a) of the Internal Revenue Code, of a claim for relief under section 722.

The petition was filed on August 19, 1948. The error claimed is that the Commissioner has disallowed the petitioner's application for relief under section 722 of the Internal Revenue Code. The allegation as to notice of disallowance upon which the petitioner bases its petition, reads as follows:

The notice, which taxpayer construes to be a notice of disallowance (a copy of which is attached hereto and marked Exhibit "A") was mailed to the petitioner on May 21, 1948.

The letter in question is as follows:

TREASURY DEPARTMENT

WASHINGTON 25

EPC–2–WWC                                                           May 21, 1948
Midtown Catering Company
649 South Olive Street
Los Angeles 14, California

In re — Application for Relief under Section 722
of the Internal Revenue Code for the tax-
able year ended June 30, 1944.

Gentlemen:

Reference is made to your original Form 991, Application for Relief under Section 722, for the taxable year ended June 30, 1944 with respect to which a statutory notice of disallowance in full under Section 732 of the Internal Revenue Code was issued to you by the Bureau on June 6, 1946 and no petition to the Tax Court of the United States was filed by you, and to your new claim forms 991 and 843 for that year filed by you on September 15, 1947.

The Excess Profits Tax Council has made a careful study of all the facts and circumstances relating to your claim and has determined that the prior Bureau action in disallowing your claim in full was not predicated upon principles subsequently changed by the Council which might entitle you to a constructive average base period net income not granted to you under your presently closed claim.

Your new claim forms will, therefore, not be further considered or acted upon. This letter is not a statutory notice of disallowance of such claim form under Section 732 of the Internal Revenue Code.

Very truly yours,

[Signed]   HENRY J. MERRY,
*Chairman, Excess Profits Tax Council.*

The question presented is whether the letter of May 21, 1948, signed by Henry J. Merry, Chairman, Excess Profits Tax Council, is a statutory notice of the disallowance, in whole or in part, of a

claim for refund of tax under section 722 of the Internal Revenue Code, within the meaning of section 732 (a) of the code.[1]

The respondent makes two contentions. One is that the letter of May 21, 1948, was not a statutory notice of disallowance within the meaning of section 732 (a), because it was not issued in the name of the Commissioner and was not signed by anyone to whom the Commissioner had delegated authority to discharge the duty imposed upon him by section 732. His second contention is that the said letter is not a statutory notice of disallowance, because it was not sent by registered mail, as required by section 732.

It is the claim of the petitioner that the notice of disallowance was a notice of disallowance by the Commissioner, in that the Excess Profits Tax Council has been charged by the Commissioner with the responsibility for Bureau action on claims arising under section 722 of the Internal Revenue Code; and, further, that the requirement that the notice of disallowance be sent by registered mail was enacted for the taxpayer's benefit and that, if the petitioner is willing to waive that requirement of the statute, the effectiveness of the notice within the meaning of the statute is not vitiated.

In view of our conclusion that the letter of May 21, 1948, is not a notice of disallowance of a claim for refund, within the meaning of section 732 (a), and that this Court accordingly has no jurisdiction to hear and determine the proceeding, it is unnecessary to consider and decide the first contention of the respondent. In that connection, however, see *Fanny Newman*, 6 B. T. A. 373, and *Oswego Falls Corporation*, 26 B. T. A. 60; affd., 71 Fed (2d) 673.

The statute provides that the Commissioner shall send his notice of disallowance of a claim for refund of tax under section 722 to the taxpayer by registered mail. It then provides that within 90 days "after such notice is mailed  *  *  *  the taxpayer may file *  *  *  a petition for a redetermination of the tax  *  *  *. If such petition is so filed, such notice of disallowance shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayments." It is thus apparent that Congress, in enacting section 732 (a), intended to follow the same jurisdictional requirements as that required with respect to other tax cases over which the Tax Court has jurisdiction,

---

[1] (a) PETITION TO THE BOARD.—If a claim for refund of tax under this subchapter for any taxable year is disallowed in whole or in part by the Commissioner, and the disallowance relates to the application of section 711 (b) (1) (H), (I), (J), or (K), section 721, or section 722, relating to abnormalities, the Commissioner shall send notice of such disallowance to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with The Tax Court of the United States for a redetermination of the tax under this subchapter. If such petition is so filed, such notice of disallowance shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayments.

in that a petition should be bottomed upon the notice of the action of the Commissioner sent by registered mail. The question of whether the sending of a notice of deficiency by registered mail was required in the case of the determination of a deficiency in tax was dealt with and fully covered in *John A. Gebelein, Inc.*, 37 B. T. A. 605. In that case, quoting from *Botany Worsted Mills* v. *United States*, 278 U. S. 282, we said: "When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode." After discussing the wording of the statute and the facts showing that the notice on which the petition in that proceeding was based was not mailed by registered mail, this Court concluded that, since the notice was not sent by registered mail, "it may not be regarded as an authorized notice of deficiency." In that connection, see *Henry Wilson*, 16 B. T. A. 1280; *American Felt Co.*, 18 B. T. A. 509; *John A. Mitchell Estate*, 22 B. T. A. 1365; *William M. Greve*, 37 B. T. A. 450; and *Oscar Block*, 2 T. C. 761.

It is accordingly the conclusion of the Court that this proceeding must be dismissed for lack of jurisdiction.

Reviewed by the Court.

*An order will be entered in accordance herewith.*

ARUNDELL and MURDOCK, *JJ.*, concur in the result.