**DILKS v. BLAIR, Commissioner of Internal Revenue.**

Circuit Court of Appeals, Seventh Circuit.
December 3, 1927.

No. 3844.

1. **Internal revenue** ⟨⇒⟩25—**Provision for mailing registered notice of determination of federal income tax deficiency implies appropriate address (Revenue Act 1924, § 274 [26 USCA §§ 1048–1054]).**

Though Revenue Act of 1924 does not specify how registered notice of determination of deficiency on federal income tax should be addressed, provision of section 274 (26 USCA §§ 1048–1054 [U. S. Comp. St. § 6336½zz(1)]) for mailing necessarily implies appropriate address.

2. **Evidence** ⟨⇒⟩67(1)—**Persons cannot conclusively be presumed to retain same address during pendency of determination of federal income tax deficiency.**

Persons cannot conclusively be presumed to retain same address for the many years during which such matters as determination of deficiency on federal income tax are often pending.

3. **Internal revenue** ⟨⇒⟩25—**Petition for review of determination of federal income tax deficiency, filed 61 days after mailing of notice, not addressed to taxpayer's latest address, held filed in time (Revenue Act 1924, § 274 [26 USCA §§ 1048–1054]).**

Where determination of deficiency on federal income tax was mailed to New York, where taxpayer's address was given on tax return,

instead of Chicago, from where taxpayer's protest was sent, mailing should be considered as having taken place at least after it reached New York, so that filing of appeal in 61 days is considered within 60-day period prescribed by Revenue Act 1924, § 274 (26 USCA §§ 1048–1054 [U. S. Comp. St. § 6336½zz(1)]).

**4. Internal revenue ⬤25—Address of notice of determination of federal income tax deficiency should contain name of tenant in whose care taxpayer's mail was received at office building.**

Notice of determination of deficiency on federal income tax, addressed to New York office building where taxpayer some years before was receiving mail in care of tenant, should contain tenant's name as part of address.

In Error to the United States Board of Tax Appeals.

Petition of Lorenzo C. Dilks for review of determination of deficiency on federal income tax, opposed by David H. Blair, Commissioner of Internal Revenue. The Board of Tax Appeals dismissed the petition, and petitioner brings error. Reversed and remanded, with direction.

Benjamin Mahler, of New York City, for plaintiff in error.

James A. O'Callaghan, of Chicago, Ill., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The Board of Tax Appeals dismissed the petition for review on the ground that it reached the board one day too late—61 days after the mailing by the Commissioner of notice of determination of deficiency of $27,473.74 on petitioner's federal income tax for the year 1921, instead of 60 days, as prescribed by section 274 of the Revenue Act of 1924 (26 USCA §§ 1048–1054 [U. S. Comp. St. § 6336½zz[1]).

It appears that notice of the determination was placed in the registered mail at Washington, December 18, 1925, and the appeal papers were mailed at Chicago, February 15, 1926, and filed with the Board of Tax Appeals at Washington, February 17, 1926. The taxpayer's address, given on his tax return, was "949 Broadway, New York, % George A. Fuller Company."

The regulations of the department provide for the mailing by the Commissioner of Internal Revenue of a previous 30-day notice of claim of deficiency to the taxpayer, within which time he may protest the tax to the Commissioner. The regulations further specify a form for such protest, which includes the address of the person protesting. The

taxpayer's protest was sent to the Commissioner within the 30 days, giving therein his address as "160 North La Salle Street, Chicago, Illinois." The address on the registered notice of the determination of the tax was "949 Broadway, New York, N. Y." The notice was forwarded to the taxpayer at Chicago, and there received by him, but the transcript does not show when.

It is contended for the Commissioner that if, for any cause whatever, the appeal to the board was not filed within 60 days after the mailing of the registered notice of determination, the board has no jurisdiction to entertain the appeal. Generally speaking this is so.

[1] The act of 1924 did not specify how the registered notice of determination should be addressed; but provision for mailing necessarily implies an appropriate address. It is plain that such address should be as nearly calculated to reach the taxpayer as the circumstances of each particular case reasonably afford. If there is disclosed in the proceedings no address other than that given in the taxpayer's return, of necessity no other address can be employed. If, however, the record of the proceedings in the Commissioner's office discloses more recent address of the taxpayer than that originally given, it is but reasonable to conclude that the later address would be the one most likely to reach him.

[2, 3] Assessment and collection of a tax upon a mere mailing of notice of it to the taxpayer is at best drastic and summary, though perhaps necessary, and the least the assessing officer can do to protect the taxpayer is to send the notice to such address as will be most likely to reach him, so far as the proceedings may disclose such address. Persons cannot conclusively be presumed to retain the same address for the many years during which such matters are often pending, and if several addresses of the taxpayer are disclosed in the proceedings, it would entail no hardship on the Commissioner to send a copy of the notice to each address of the taxpayer which the papers and records in his possession disclose. We perceive no reason why notice to this taxpayer should not have been sent to the Chicago address disclosed by the papers in the case on file with the Commissioner.

If, for example, the notice of determination of a deficiency in the tax of a New York taxpayer were mistakenly addressed to Alaska, it could not reasonably be contended that under this remedial statute giving the appeal, the board would be without jurisdiction to entertain it unless the appeal was

filed within 60 days after the notice so addressed was placed in the mail at Washington. Assuming that ultimately the taxpayer received it, it would surely be unfair to cut off his right to the appeal 60 days after such deposit at Washington for mailing. The statute would not be transgressed, but, on the contrary, its remedial purpose would be furthered, by considering in such case the notice to have been mailed at a time and place when and where, on its return journey toward the taxpayer's address, it reached a point substantially the same distance from him as is Washington. Applying such a rule to the instant case, the mailing should be considered as having taken place at least after it reached New York, where it was evidently, in due course, readdressed and remailed to the taxpayer's real address. The mailing should thus be regarded as having been at least one day later than indicated by the registry receipt, which would bring the filing of the appeal within sufficient time.

[4] It may be stated that there appears yet a further infirmity in this mailing, in the omission from the address, as given in the taxpayer's return, of the words "% George A. Fuller Company." It is manifest that a letter addressed to a New York office building, where one some years before was receiving mail in care of a tenant of such building, would be far less likely to be promptly delivered, if the name of the tenant was omitted, than if addressed in care of such tenant. Ordinarily there would be nothing in such an address to suggest inquiry of the tenant, and it would be more than likely that none other of the possibly many tenants in the building would have knowledge of the person. Under the circumstances this taxpayer was fortunate indeed to receive the notice at all.

The order dismissing the petition is reversed, and the cause remanded to the Board of Tax Appeals, with direction to entertain jurisdiction and hear the appeal on its merits.