**CLARK'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.**

No. 136, Docket 21153.

United States Court of Appeals
Second Circuit.

March 16, 1949.

Frank E. Barnett, of New York City (Clark, Carr & Ellis, Paul A. Crouch and Arthur W. Bradley, all of New York City. of counsel), for petitioner.

Theron Lamar Caudle, of Washington, D. C. (Ellis N. Slack, A. F. Prescott and Fred E. Youngman, all of Washington, D. C., of counsel), for respondent.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The question here is whether the Commissioner's notice of deficiency, timely mailed by registered mail, was adequate notice given within the three-year period of limitation. 26 U.S.C.A. § 874. The taxpayer asserts that, despite the fact that the notice was mailed to the New York address of the Executrix as stated in her estate tax return, filed October 22, 1942, that address must be disregarded because she subsequently advised the Commissioner that she had moved to Boston, Massachusetts.

She relies on the following: (1) Her personal income tax returns for 1943, 1944 and 1945 stated her residence as 142 Chestnut Street, Boston, Mass. (2) In a letter of September 28, 1943, to the Commissioner, referring to a gift tax on a gift made by her as an individual, she explicitly asked him to note this new Boston address. (3) This Boston address appeared on the letterhead of a letter she sent on November 5, 1943, to an Internal Revenue Agent in New York with reference to this same personal gift tax. (4) In an affidavit filed by her on February 19, 1944, in connection with the estate tax, she stated that she resided at that Boston address. (5) A letter of July 23, 1945, from a firm of New York lawyers, representing her as Executrix, to the New York office of the Estate Tax Section of the Bureau of Internal Revenue, requested an extension of time to file a protest to an Internal Revenue Agent's report on the estate tax return; this letter stated that the request for extension was "occasioned by the fact that the preparation of the protest had been delayed" in part "because Miss Clark now resides in Boston, Massachusetts." (6) This protest, filed in August, 1945, stated that address, as did also a power of attorney of the same date to certain persons to represent her as Executrix in the estate tax proceedings.

We think none of the foregoing was sufficient to inform the Commissioner that a notice of deficiency to her as executrix should be sent to an address other than that shown in the original estate tax return. Certainly the Commissioner could not be expected, in dealing with the estate tax, to consider communications in connection with her personal gift and individual taxes. As the estate was that of a New York decedent, and therefore presumably being administered in New York, the fact that, in connection with the estate tax, the Commissioner learned that, as an individual, she now resided in Boston, was not sufficient; for he might reasonably have assumed that the New York address continued to be that of the estate, and that she desired to be addressed there in her capacity as executrix. Considering the administrative difficulties involved in the discharge of the Commissioner's duties, we think that there was not sufficient warning to charge the Commissioner with notice of a change of address.

Affirmed.