JOSEPH MARCUS AND JEANNE MARCUS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21403. Promulgated June 16, 1949.

*Robert M. Himrod, Esq.*, for the petitioners.
*H. A. Melville, Esq.*, for the respondent.

#### OPINION.

DISNEY, *Judge*: This case involves income tax for the year 1945. It arises upon the motion of the respondent to dismiss for lack of jurisdiction under the allegation that the petition was filed with this Court on December 17, 1948, 95 days after the day of the mailing of the notice of deficiency on September 13, 1948. The hearing upon the motion and petitioners' reply thereto was held at Los Angeles, California. The only question presented for our determination is whether the notice of deficiency, mailed by registered mail by the Commissioner on September 13, 1948, was mailed to the petitioners at their last known address and, therefore, was sufficient, within the intendment of section 272 (k) of the Internal Revenue Code. From evidence adduced and stipulation made at the hearing, we find the facts to be as follows:

The petitioners are husband and wife. They resided at 1 Pulaski Street, Brooklyn, Kings County, New York, from which address they moved in April 1946 and located at 439 North Muscatel Street, San

Gabriel, Los Angeles County, California. They lived at that address until May 1947, and then moved to 1750 Holly Vista Avenue, Los Angeles, California, and still reside at that address.

On September 13, 1948, the Commissioner of Internal Revenue mailed to "Mr. Joseph Marcus and Mrs. Jeanne Marcus" at 1 Pulaski Street, Brooklyn, New York, notice of deficiency for the year 1945, with statement attached. Thereafter the notice was, undelivered, returned by the Post Office Department to the office of the revenue agent in charge. Thereafter the Commissioner learned that the petitioners could be reached at 1750 Holly Vista Avenue, Los Angeles, California, and on December 9, 1948, deficiency notice was sent to the petitioners at that address, by ordinary mail. It was received by the petitioners at 1750 Holly Vista Avenue, Los Angeles, California, on December 13, 1948. On the 15th day of December 1948 petitioners mailed, and on the 17th day of December 1948 the Tax Court of the United States received and filed, the petition in this matter. The 17th day of December 1948 is 95 days after the 13th day of September 1948.

The joint income tax return of Joseph Marcus and Jeanne Marcus for 1945 was filed with the collector for the first district of New York on March 14, 1946. Therein the address of the petitioners is stated as "1 Pulaski Street, Brooklyn, Kings County, New York." The return states that a return was filed for the year 1944 with the first collection district of New York and that the tax with respect thereto was paid to the first collection district of New York. For the year 1946 individual returns were filed by the petitioners showing their address as 439 North Muscatel Street, San Gabriel, Los Angeles County, California, and further showing that the petitioner's return was filed for the year 1945 with the collector's office in the first district of New York; also that payment on the declaration of tax for 1946 was made at Los Angeles, California. For the year 1947 the individual returns for both petitioners showed 1750 Holly Vista Avenue, Los Angeles 27, California, as address and showed that the return for 1946 was sent to the collector's office at Los Angeles and that payments, on the 1947 return, were made to the collector's office at Los Angeles.

We find as an ultimate fact that the Commissioner on September 13, 1948, mailed the notice of deficiency as to petitioners' income tax for the year 1945 to the petitioners at the last address known to him.

From the above facts we are to determine whether the respondent's motion to dismiss for lack of jurisdiction should be sustained. The parties have filed briefs upon the question. As stated in *Maxfield* v. *Commissioner*, 153 Fed. (2d) 325, the last known address is a matter of proof in each case in which the question arises and is a question of fact as to what knowledge the Commissioner has. After studying all of the facts in this matter and the briefs filed, we have held as an

ultimate fact that the Commissioner mailed the deficiency notice on September 13, 1948, to the last address of the petitioners known to him. We find nothing in the record before us to show that he had become informed of any address other than 1 Pulaski Street, Brooklyn, New York, prior to the mailing of the deficiency notice on September 13, 1948.

Petitioners, at the time of the sending of the deficiency notice, actually resided at 1750 Holly Vista Avenue, Los Angeles, California, and had resided there since May 1947. Prior to that time they had, after leaving 1 Pulaski Street, Brooklyn, New York, lived at 439 North Muscatel Street, San Gabriel, California, from April 1946. The petitioners, in part, rely on the fact that for 1946 they filed a return showing their address as 439 North Muscatel Street in San Gabriel, California. Obviously, since they did not reside at that address at the time of the mailing of the deficiency notice on September 13, 1948, the filing of such a return would not enable the Commissioner to send the deficiency notice to them at their real address. They also rely, however, upon the fact that in their returns for 1947 their addresses were given as 1750 Holly Vista Avenue, Los Angeles, California—their address at the time of the mailng of the deficiency notice on September 13, 1948. If the filing of the 1947 returns charges the Commissioner with notice, as to taxation for 1945, of the last known address of the petitioners, the respondent's motion to dismiss should not be sustained. In our opinion, however, such filing did not give the Commissioner notice of a last known address for Joseph Marcus and Jeanne Marcus, who filed their income tax return for 1945 as from 1 Pulaski Street, Brooklyn, New York.

The petitioners rely heavily upon *Maxfield* v. *Commissioner, supra*, and *Welch* v. *Schweitzer*, 106 Fed. (2d) 885. In the *Maxfield* case this Court sustained respondent's motion to dismiss for lack of jurisdiction, but made no findings of fact, and the Circuit Court of Appeals held that, since the ultimate facts were the date of mailing of deficiency notice, the date of filing of the petition for redetermination of income tax, and the order of dismissal was based only on the conclusion that from the evidence in the record petition was not filed within 90 days, the order of dismissal should be set aside, since the Tax Court must base its decision on findings of fact. The petitioner had filed before the Tax Court of the United States a motion that the motion to dismiss be heard at Los Angeles and had alleged, in effect, that at the date of the mailing of the deficiency notice the respondent's agents, who had made an exhaustive investigation as to the taxable years involved, actually knew that the petitioner's address was in Los Angeles, California, instead of Las Vegas, Nevada, to which the deficiency notice was mailed. The petitioner's motion to hear the motion

to dismiss in Los Angeles was denied by the Tax Court and was heard in Washington; and the Circuit Court of Appeals held that such denial was error, reversed the order dismissing the petition, and remanded the case to the Tax Court for a hearing in Los Angeles on the question of the last known address of the taxpayer, stating, in substance, that the taxpayer sought to establish that the "very agents who must go to her residence to gather evidence of the deficiencies, which is the basis of the deficiency letter, knew her address to be in Los Angeles and not in Las Vegas, Nevada, where she had named it over six years before. Under the principles established in the above cases she tendered a justiciable issue as to whether the letter was sent to the last known address." It thus appears that the *Maxfield* case is not dispositive of this one and that, as the Circuit Court of Appeals there indicated, our decision here must, on the facts, be whether the deficiency letter was sent to the last known address. It will be noted that in that case the petitioner proposed to show that the respondent's agents investigating petitioner's taxes for 1935 and 1936, the years in question in the case, actually knew her real address, in Los Angeles, at the time the deficiency notice was mailed. Herein there is no effort to make such a showing.

In *Welch* v. *Schweitzer, supra,* cited in *Maxfield* v. *Commissioner, supra,* the factual situation was in principle the same: The internal revenue agents in investigating the taxpayer's tax for the years involved had repeatedly called upon the taxpayer at his new business address, the one at which he did business at the time the deficiency notice was mailed to a previous address, which had been given in his income tax returns for the taxable years. Furthermore, such internal revenue agents, in reporting as to the taxable years, specifically reported that the taxpayer's business address was no longer as reported in the income tax returns, but was at the new address. Again, a supplemental report on a further audit by an internal revenue agent gave the new address for the taxpayer, and still later the supervising internal revenue agent sent the reports to the Commissioner and they were in the Commissioner's files prior to the mailing of the deficiency notice. It was nevertheless sent to the address given on the returns. Thus it affirmatively appears that in fact the Commissioner at the time of the mailing of the deficiency notice in that case had actual knowledge of an address later and different from the one to which he mailed, and that it was the taxpayer's actual address—very complete satisfaction of the factual question as to what knowledge the Commissioner had of the last address of the taxpayers. No such proof appears before us here.

The petitioners, however, argue from that case that knowledge of the Commissioner's organization is attributable to him. This means,

of course, that the actual knowledge in that case of his agents (in fact reported to him) of the new address, was notice to him. But the thought may not be extended to hold that a return of a taxpayer, giving an address, is sufficient to require the Commissioner to send to that address any and all deficiency notices, as to previous years, to a person of that name, despite different address or addresses given on the previous returns. The mere fact of identity of name does not render it "known" to the Commissioner that one who had given another address or other addresses on a return or returns for one or more taxable years was the person of the same name who for a later year gave a different address. In this case, for example, we see no reason or logic in the idea that the Commissioner should assume that Joseph Marcus, or Jeanne Marcus, of 1 Pulaski Street, Brooklyn, was the same as Joseph, or Jeanne Marcus, of 1750 Holly Vista Avenue, Los Angeles—some three thousand miles distant. Certainly there is no showing before us that the name is so uncommon as to raise any presumption, binding on the Commissioner, of identity, despite the wide geographical separation between the two addresses. Assuming, without holding, that a case of a distinctive and unusual name, occurring twice in tax returns in the same locality, might tend to the conclusion petitioners urge, we are altogether unconvinced that under the facts here at hand it should be found that from the 1947 returns showing as address 1750 Holly Vista Avenue, Los Angeles, the Commissioner knew, or even reasonably should have known, that Joseph Marcus and Jeanne Marcus filing separate returns in Los Angeles were those who had filed an earlier joint return from 1 Pulaski Street, Brooklyn, New York. Nor are we able to see support for petitioners' theory in the facts that their returns for 1947 recited that for 1946 the return had been sent to the collector at Los Angeles, and that the return for 1946 recited filing of return for 1945 with the collector's office for the first district of New York. (It should be noted that neither the 1947 returns nor those for 1946, so far as this record shows, refer to the address given in the previous returns; so that it does not appear that the returns for 1946 make any reference to 1 Pulaski Street, Brooklyn.) Obviously such facts do narrow the margin of error in any assumption of identity of Joseph Marcus and wife Jeanne in New York and Joseph Marcus and Jeanne later in Los Angeles; but, equally obviously, especially considering the magnitude of the two metropolitan areas involved, we still should by no means assume that because of previous filing in the first district of New York the two people in Los Angeles were known to the Commissioner to be identical with those formerly living at 1 Pulaski Street, Brooklyn. The deficiency notice was sent to the last address *known* to the Commissioner to be that of the taxpayer filing the return for 1945. In the absence of other information

than here presented, neither the Commissioner nor any other person could know that Joseph and Jeanne Marcus of Los Angeles were the same as those of the same name earlier at 1 Pulaski Street, Brooklyn, New York. A notice to the Los Angeles address would have been based, not on knowledge, but conjecture.

The petitioners rely also on *Gennaro A. Carbone*, 8 T. C. 207, but there again the Commissioner received actual notice of the new addresses of the taxpayers by personal interview, yet gave notice to a former address. The opinions in none of the three cases above, cited by petitioners, appear to be based on the contention here, i. e., that notice is imputed to the Commissioner by later returns.

We can not consider the fact here of later returns, showing later addresses, and reference to filing for 1945 in the first district of New York, as notice of change of address so strong as given in *Estate of Henry W. Clark*, 10 T. C. 1107; affd., 173 Fed. (2d) 13. There the executrix, in addition to other notice to the Commissioner, informed the Commissioner of her new address in an affidavit in connection with the estate tax involved, and it was held that notice of deficiency given to the address on the return was valid. We said that the Commissioner was not required to use the new address.

We conclude and hold that the respondent gave valid notice by registered mail of deficiency to the petitioners at their last address known to him, and, since the petition herein was filed more than 90 days after such mailing, we have no jurisdiction, and

> *Respondent's motion to dismiss for lack of jurisdiction is sustained.*