Roger J. Williams, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 22377.   Promulgated August 24, 1949.

*Boris Schneeberg, Esq.*, for the petitioner.
*R. O. Whitley, Esq.*, for the respondent.

#### OPINION.

Turner, *Judge*: This proceeding was heard on the respondent's motion to dismiss for lack of jurisdiction on the ground that the petition does not purport to be taken from a notice of deficiency, but from a revenue agent's report and a transmittal letter from the acting internal revenue agent in charge forwarding a copy of the report to the petitioner.

The original petition was filed on April 5, 1949, and an amended petition was filed on April 18, 1949. Attached to each, as Exhibit A, is a copy of a transmittal letter dated February 9, 1949, from the acting internal revenue agent in charge to the petitioner and a copy of a revenue agent's report dated January 20, 1949. The report shows and explains an increase in the petitioner's business income for 1946 over the amount reported by petitioner, and shows the computation of a deficiency in income tax for that year of $666.36. It recites that these were discussed with the petitioner, that he agreed thereto, and that he had signed Form 870. The transmittal letter recites that there was enclosed for the petitioner's information and files a copy of the agent's report, that the petitioner had indicated his agreement to the

adjustment of the tax shown in the report, and that "The item checked below explains briefly how settlement of the agreed tax liability will be accomplished through the office of the Collector of Internal Revenue for your district." The checked item reads as follows: "Deficiency: The Collector will present you at an early date a bill for payment of the tax, together with interest, at which time remittance should be made to that official, provided you have not already paid the full amount due."

In lieu of a personal appearance at the hearing the petitioner filed a memorandum in which he states, among other things, that on or about January 20, 1949, he executed on Treasury Form 870 a waiver of restrictions on assessment and collection of the deficiency in tax disclosed by the agent's report and that he did so at the instance and request of the agent and without the advice of counsel. From statements made in a motion filed by petitioner since the hearing and hereinafter referred to, it appears that the respondent has assessed the tax involved in this proceeding, the collector has made demand for payment thereof, and, because of the petitioner's failure to pay, the collector has issued and there is now outstanding a warrant for distraint for collection.

Various contentions are made by the parties as to whether the respondent has determined a deficiency in tax, whether he has sent the petitioner a deficiency notice within the meaning of the provisions of section 272 (a) (1) of the Internal Revenue Code, and whether the execution by petitioner, pursuant to the provisions of section 272 (d) of the Internal Revenue Code, of a waiver of the restrictions contained in section 272 (a) (1) on assessment and collection of the tax in controversy included a waiver of the petitioner's right to file a petition with this Court.

While denying that the revenue agent's report and the letter transmitting it to the petitioner constituted a notice of the determination of a deficiency, the respondent contends that, even if it be conceded that they could amount to such, they nevertheless were not the notice provided for in section 272 (a) (1) of the code, since they were not sent to the petitioner by registered mail. The petitioner makes no allegation or contention that they were sent to him by registered mail and we therefore conclude that they were not.

In *John A. Gebelein, Inc.*, 37 B. T. A. 605, we had occasion to consider the question of whether the sending of a notice of deficiency by registered mail was required in the case of a determination of a deficiency in tax. After fully considering the matter, we concluded that it was required. Accordingly, we there held that a notice not sent by registered mail might not be regarded as an authorized notice of deficiency and that a proceeding instituted by the filing of a peti-

tion therefrom should be dismissed for lack of jurisdiction. A like holding must be made here. Having reached the foregoing conclusion, it becomes unnecessary to consider the remaining contentions of the parties. Pursuant to the foregoing, an order will be entered dismissing the proceeding for lack of jurisdiction. See also *Midtown Catering Co.*, 13 T. C. 92.

Since the hearing the petitioner has filed a motion styled "Motion for Order To Stay Enforcement Of Warrant For Distraint," wherein he asks for a stay of the enforcement of the warrant for distraint, heretofore referred to, pending decision on his petition. The Tax Court is a body of limited jurisdiction and powers consisting only of such jurisdiction and powers as have been conferred on it by statute. Matters relating to the enforcement of warrants for distraint are not within its jurisdiction. Accordingly, the motion of the petitioner will be denied.