MARJORIE F. BIRNIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN URQUHART BIRNIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 23674, 23675. Promulgated April 23, 1951.

*Carl A. Stutsman, Jr., Esq.*, for the petitioners.
*B. H. Neblett, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The petitioners, in their petitions, assign as error the failure of the Commissioner to comply with the requirements of section 272 (a) in regard to the mailing of a notice of deficiency. The proceeding was called for hearing on the merits at which time counsel for the petitioners moved to dismiss the proceedings for lack of jurisdiction based upon the alleged improper mailing. The facts upon that issue have been stipulated and the parties have been fully heard.

The petitioners are husband and wife. They filed separate returns for 1945 with the collector of internal revenue for the sixth district of California. They stated on those returns that their address was 3109 Waverly Drive, Los Angeles, California. They resided at that address until July 6, 1948, when they moved to Paradise Valley, Nevada, where they have since resided.

They had some negotiation with government representatives in regard to their 1945 taxes and, in that connection, filed documents with the Treasury Department on October 30, 1947, authorizing M. E. Lewis, a certified public accountant, "to act" for them "in the matter of determination" of their correct income tax liabilities for 1944, 1945, and 1946.

A Waiver of Assessment of Income Taxes for 1945 in the amount of $353.30 dated July 2, 1948, was filed by each petitioner with the Revenue Agent on July 19, 1948. They stated thereon that their address was "C/o M. E. Lewis, C. P. A. 1110 Wilshire Los Angeles 14". They had moved from Los Angeles to Nevada between the time that waiver was prepared and the time it was filed, and apparently wanted to use the fixed address of their C. P. A. for receiving mail relating to their 1945 tax. The Revenue Agent sent his reports to the petitioners at that address on September 21, 1948.

An attorney for the petitioners notified an employee of the Commissioner prior to March 11, 1949, that a notice of the disqualification of pension and profit sharing trusts affecting the 1945 tax should be addressed to John Urquhart Birnie at Post Office Box 33, Paradise Valley, Nevada, and on or about March 11, 1949, a letter was sent to him at that address by the office of the Revenue Agent in Charge. The evidence does not show that the Commissioner was ever advised that other communications should be sent to that address, that it was a new permanent address, or that communications were no longer to be sent in care of the C. P. A. It is immaterial what authority was given to the C. P. A.

The notices of deficiencies for 1945 were mailed on March 15, 1949, by registered mail, one addressed to each petitioner in care of M. E. Lewis, 1110 Wilshire Boulevard, Los Angeles 14, California. That was the last day upon which they could have been timely mailed.

Petitions were timely filed in this Court contesting those determinations and the alleged improper mailing of the notices of deficiencies. This tribunal has held many times that a petitioner, by filing a petition, does not waive all errors or irregularities in the notice, but may obtain a dismissal for lack of jurisdiction upon a showing that there was an error or irregularity of sufficient magnitude to nullify the notice. *Walter G. Morgan*, 5 B. T. A. 1035; *Henry Wilson*, 16 B. T. A. 1280; *Antoinette J. Mitchell, Administratrix*, 22 B. T. A. 1365; *William M. Greve*, 37 B. T. A. 450. petition for review dismissed; *Oscar Block*, 2 T. C. 761; *Gennaro A. Carbone*, 8 T. C. 207; *Midtown Catering Co.*, 13 T. C. 92. Reasoning along this line has been approved by the Supreme Court. See *Hulburd* v. *Commissioner*, 296 U. S. 300. affirming 27 B. T. A. 1123. Contra, *Commissioner* v. *Stewart*, 186 F. 2d 239. The notices were sent to the taxpayers and duly received at an address furnished by them subsequent

to the filing of the returns. It was, so far as the Commissioner was put upon proper notice, the latest address of the taxpayers for 1945 tax purposes, the last address known to the Commissioner within the meaning of section 272 (k) providing that a notice of deficiency "mailed to the taxpayer at his last known address, shall be sufficient * * *"

The petitioners argue that the notices were not sent to their last known address but they do not say what, in their opinion, was their address last known to the Commissioner to which he should have sent the notices. They surely do not contend that they should have been sent to 3109 Waverly Drive from which they had moved and at which the notices would not have reached them. The petitioners had, for good reason, given the Commissioner the address in care of their C. P. A. Four days before the deficiency notices could have been timely mailed within the statutory period of limitations the Paradise Valley address was given to an unidentified representative of the Commissioner and that address was used for a limited purpose by the office of the Revenue Agent in Charge. However, the circumstances were not such as to put the Commissioner on notice that that address was henceforth the exclusive one to be used for all purposes or even for the purpose of the notice of deficiency under section 272.

*The motion to dismiss has been denied.*