ABRAHAM GOLDSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44814.    Filed September 21, 1954.

*Jay O. Kramer, Esq.*, for the petitioner.
*Joseph F. Rogers, Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge:* Each party has raised a jurisdictional question. The petitioner contends that the notice mailed June 23, 1952, was not a valid notice of deficiency because it was not sent to petitioner's "last known address" as required by statute. The respondent asserts that this Court has no jurisdiction because the petition was filed more than 90 days after the mailing of the notice of deficiency. If either of these positions is sustained, this Court has no jurisdiction.

Petitioner argues that 1680 Broadway was not his "last known address" within the meaning of section 272 (k), Internal Revenue Code of 1939.[1] He testified that the agent investigating the return knew his home address prior to the mailing of the deficiency letter. The agent flatly denied this testimony. Petitioner eventually modified his testimony and stated that he "imagined" the agent knew his home address.

Respondent contends that 1680 Broadway was petitioner's last known address within the meaning of the statute because the address given on the return had been abandoned, and the Broadway address was the one given in the three waivers. Petitioner testified that he signed the waivers in blank. The revenue agent contradicted this and stated that the waivers contained the address when mailed. We have found as a fact that the waivers carried the address 1680 Broadway when mailed.

It is undisputed that after the notice had been returned, someone in the collector's office telephoned the petitioner at his home. Petitioner went to the collector's office and manual service was completed there. Petitioner makes much of this fact on brief. He argues that this proves the collector's office had actual knowledge of his home address *before* the 90 day letter was sent. This is a *non sequitur.* It simply proves that someone in the collector's office was able to locate petitioner by July 14 or 16, nothing more.

Notification of the collector's office generally will not suffice to charge respondent with knowledge that the address as shown on the waivers is no longer petitioner's address. See *Estate of Henry W. Clark,* 10 T. C. 1107, affd. 173 F. 2d 13, and *Estate of George F. Hurd,* 9 T. C. 681.

The case of *Marjorie F. Birnie,* 16 T. C. 861, is in point on the question of jurisdiction. In that case, the taxpayer stated in her return that her address was 3109 Waverly Drive, Los Angeles, California.

---

[1] SEC. 272. PROCEDURE IN GENERAL.

(k) ADDRESS FOR NOTICE OF DEFICIENCY.—In the absence of notice to the Commissioner under section 312 (a) of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by this chapter, if mailed to the taxpayer at his last known address, shall be sufficient for the purposes of this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

After an investigation of the return had been started, taxpayer moved to Paradise Valley, Nevada. She filed a waiver giving as her address "c/o M. E. Lewis, C. P. A., 1110 Wilshire Los Angeles 14." Thereafter taxpayer notified respondent of her Nevada address in connection with another tax matter. A notice of deficiency was sent in care of the address given in the waiver. This Court rejected petitioner's contention that such address was not her last known address and denied the motion to dismiss.

The facts in the case at bar are less favorable to the petitioner than those in the *Clark* and *Birnie* cases. They are controlling here. Petitioner's address last known to the Commissioner was 1680 Broadway and the notice of deficiency was validly and timely sent to that address.

The respondent asks that the petition be dismissed because the petition was filed on October 13, 1952, which is more than 90 days after notice was sent on June 23, 1952. The respondent first raised this question of jurisdiction on brief. The petitioner argues that this is too late. The contention is without merit. This Court has limited jurisdiction and a plea of no jurisdiction may be raised at any time. *First National Bank of Wichita Falls, Trustee*, 3 T. C. 203; *D. L. Blackstone, Administrator*, 12 B. T. A. 456; and *French & Co.*, 10 B. T. A. 665.

*Respondent's motion to dismiss is granted.*