CLEMENT BRZEZINSKI AND THE ESTATE OF BERNICE BRZEZINSKI, DECEASED, CLEMENT BRZEZINSKI, ADMINISTRATOR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35557.   Filed October 29, 1954.

*Leo C. Duersten, Esq.,* for the petitioners.
*Edward L. Newberger, Esq.,* for the respondent.

**194**

BRUCE, *Judge:* The question for decision is whether the notice of deficiency sent by registered mail to the taxpayers in care of their attorney at the latter's address, and not to the last known address of the taxpayers, satisfies the requirements of section 272 (a) of the Internal Revenue Code of 1939 [1] where the taxpayers filed a petition with this Court within 90 days after the mailing of said notice.

This Court has no jurisdiction unless a notice of deficiency is sent "to the taxpayer by registered mail" in accordance with the provisions of section 272 (a). Accordingly, a notice sent by other than registered mail will not suffice. *Roger J. Williams*, 13 T. C. 257; *Midtown Catering Co.*, 13 T. C. 92; *Oscar Block*, 2 T. C. 761; *John A. Gebelein*, 37 B. T. A. 605; *William M. Greve*, 37 B. T. A. 450; *American Felt Co.*, 18 B. T. A. 509; *Henry Wilson*, 16 B. T. A. 1280. At least one case holds that this Court lacks jurisdiction where the notice is addressed to the wrong person. *Antoinette J. Mitchell, Administratrix*, 22 B. T. A. 1365. See also *Mary M. Shea*, 31 B. T. A. 513; *Arlington Corporation* v. *Commissioner*, 183 F. 2d 448; 9 Mertens, Law of Federal Income Taxation (1942), sec. 49.95. Contra, *Corinne Porter Scruggs, Administratrix*, 29 B. T. A. 1102; *Commissioner* v. *Stewart*, 186 F. 2d 239; *Commissioner* v. *New York Trust Co.*, (C. A. 2) 54 F. 2d 463, reversing 20 B. T. A. 162, certiorari denied 285 U. S. 556. And, a notice sent to the wrong address and not received by the taxpayer is not deemed to have been mailed within the purview of the statute. *W. S. Trefry*, 10 B. T. A. 134. But none of the cases hold that a notice fails to satisfy the statutory requirements where it is sent "to the taxpayer by registered mail" at the wrong address but is received by the taxpayer "in due course." *Whitmer* v. *Lucas*, (C. A.

---

[1] SEC. 272. PROCEDURE IN GENERAL.

(a) (1) PETITION TO BOARD OF TAX APPEALS.—If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3653 (a) the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court. In the case of a joint return filed by husband and wife such notice of deficiency may be a single joint notice, except that if the Commissioner has been notified by either spouse that separate residences have been established, then, in lieu of the single joint notice duplicate originals of the joint notice must be sent by registered mail to each spouse at his last known address. If the notice is addressed to a person outside the States of the Union and the District of Columbia, the period specified in this paragraph shall be one hundred and fifty days in lieu of ninety days.

7) 53 F. 2d 1006; *Bert D. Parker*, 12 T. C. 1079; *Rite Way Products, Inc.*, 12 T. C. 475; *Daniel Thew Wright*, 34 B. T. A. 84, affd. (C. A. 4) 101 F. 2d 309; but cf. *William M. Greve, supra; Kay Manufacturing Co.*, 18 B. T. A. 753, affd. 53 F. 2d 1083.

Taxpayers would have us read into section 272 (a) the requirement that to be valid the deficiency notice must be sent "to the taxpayer [at his last known address] by registered mail." It is true that section 272 (k) provides that the notice is sufficient where mailed to the "last known address" even if the "taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence." This has been construed to mean that a notice sent to the "last known address" is sufficient even though the taxpayer has moved and does not receive notice of the deficiency until after the time has expired for filing a petition. *Joseph Marcus*, 12 T. C. 1071. See also *Abraham Goldstein*, 22 T. C. 1233. But while section 272 (k) might imply that, in the situations specified therein, notice sent to other than the "last known address" is not sufficient (cf. *Botany Worsted Mills* v. *United States*, 278 U. S. 282), it does not imply that notice sent to a non-incapacitated taxpayer at other than his "last known address" which is received by him "in due course" does not satisfy the statutory requirements. Cf. *Dilks* v. *Blair*, (C. A. 7) 23 F. 2d 831. Congress was primarily concerned with giving the taxpayer notice within ample time to file a timely petition. When, as here, a timely petition was filed, it is obvious that sufficient notice was received. The problem is different if the wrong address results in a delay in the receipt of the notice, and a timely petition is not filed. *Henry M. Day*, 12 B. T. A. 161. But that is not the instant case. Here, the taxpayer received sufficient notice, thereby satisfying the underlying purpose of section 272 (a), and there was literal compliance with the terms of the statute. Therefore, the requirements of section 272 (a) are satisfied, and this Court does not lack jurisdiction. *Bert D. Parker; Rite Way Products, Inc.; Daniel Thew Wright*, all *supra*.

As we have held that the notice of deficiency was not defective, it is unnecessary to decide whether the action of the petitioners in filing a petition waived a defect in the notice thereby conferring jurisdiction upon the Court which it did not otherwise have. Cf. *Marjorie F. Birnie*, 16 T. C. 861; *Estate of Henry W. Clark*, 10 T. C. 1107, affd. 173 F. 2d 13; *Kay Manufacturing Co., supra*.

> *Petitioners' motion to dismiss for lack of jurisdiction is denied and decision will be entered for the respondent in the amount stipulated.*