*Decision will be entered under Rule 50.*

JAMES A. ROGERS AND PATRICIA H. ROGERS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1862–71. Filed February 29, 1972.

*Thomas S. Loop*, for the petitioners.
*Andrew S. Coxe* and *Bruce A. McArdle*, for the respondent.

### OPINION

DRENNEN, *Judge:* Respondent determined deficiencies in petitioners' income tax in the amounts of $8,937.26, $4,888.14, and $10,261.77 for the years 1964, 1965, and 1966, respectively, and additions to tax under section 6653(a) for those years in the amounts of $446.86, $244.41, and $513.09, respectively.

Petitioners were husband and wife residing in Grand Valley, Colo., at the time the petition was filed. They filed joint Federal income tax returns for the years 1964, 1965, and 1966 with the Director of International Operations, Washington, D.C.

This case was heard on petitioners' motion to strike respondent's answer on the ground that assessment and collection of the proposed deficiencies is barred by the statute of limitations because the notice of deficiency was not mailed to petitioners within the statutory period.

Respondent audited petitioners' income tax returns for the years 1964, 1965, and 1966 and proposed certain adjustments increasing petitioners' taxes for those years. Consents extending the time within which respondent could assess the proposed deficiencies to December 31, 1970, were executed by the parties.

A notice of deficiency dated December 30, 1970, addressed to petitioners at their correct address in San Pedro Sula, Honduras, C.A.,

was delivered by respondent to the Post Office for mailing by certified mail on December 30, 1970. The envelope in which the notice of deficiency was placed bears the notation "Certified Mail No. 175,829" but has no postmark thereon. It also has stamped thereon "Return to Sender, Certified Mail Limited to Domestic Mail Only." In the lower left-hand corner of the envelope there is stamped the date "Jan. 5, 1971."

Respondent offered in evidence a certified mail receipt dated December 30, 1970, which has listed thereon an article bearing the certified mail No. 175,829, which was addressed to petitioners at their correct address in Honduras. This particular entry on the receipt is crossed out and a notation appears "Returned 1/5/70 [sic] and mailed Registered same day."

Petitioners received the notice of deficiency in the above-described unopened envelope which was contained in an outer envelope, properly addressed to petitioners at their Honduras address, which was sent by registered mail and bears a postmark dated January 5, 1971.

Petitioners filed a timely petition with this Court in which they pleaded the bar of the statute of limitations because the notice of deficiency was not mailed within the statutory period, as extended, and alternatively contested the proposed adjustments in the notice of deficiency. Respondent's answer pleaded as defense to the statute of limitations that the statute had been extended by the parties to December 31, 1970, and that the notice of deficiency "was issued on December 30, 1970." Petitioner thereupon moved to strike respondent's answer, as related above.

While it is not certain from the evidence, apparently what happened (and we will so assume for purposes of this opinion) was that respondent delivered the notice of deficiency enclosed in the original envelope, along with other mail, to the Post Office on December 30, 1970, for mailing by certified mail as was customary. A postal employee apparently discovered on January 5, 1971, that the document could not be mailed overseas by certified mail and notified respondent. Respondent then placed the original envelope, unopened, in an outer envelope properly addressed to petitioners and again delivered it to the Post Office on January 5, 1971, for mailing by registered mail.

The legal question raised by petitioners' motion is whether the issuance of the statutory notice under date of December 30, 1970, and delivery thereof in a properly addressed envelope to the Post Office on the same day for mailing by certified mail, which is not permitted for overseas mail, suspended the running of the statute of limitations. We conclude that it did not.

Section 6501(a), I.R.C. 1954, provides that the amount of any tax imposed by this title shall be assessed within 3 years after the return

was filed. Section 6501(c)(4) provides for an extension of the time allowed for assessment during a period consented to in writing by the parties. Section 6503(a)(1) provides that the running of the period of limitations provided in section 6501 for making assessments of income tax "shall (after the mailing of a notice under section 6212(a)) be suspended" for the period during which the respondent is prohibited from making an assessment and 60 days thereafter. Section 6212(a) authorizes respondent to "send" a notice of deficiency to the taxpayer by "certified mail or registered mail." Section 6213(a) provides for the filing of a petition by the taxpayer in the Tax Court within 90 days, or 150 days if the notice is addressed to a person outside the United States, and also provides that no assessment may be made within the 90- or 150-day period nor, if a petition is filed with the Tax Court, until the decision of the Tax Court becomes final.

Assessment and collection of the deficiencies here involved was clearly barred by section 6501(a) after December 31, 1970, unless respondent can show that the running of the statute of limitations was in some way suspended until at least January 5, 1971. Respondent claims that his attempt to mail the notice of deficiency to petitioners by certified mail on December 30, 1970, suspended the running of the statute under section 6503(a). We disagree. While there appears to be little direct authority on the subject, we do not believe respondent's effort to mail the notice of deficiency overseas by certified mail on December 30, 1970, meets the requirements of section 6212 and makes section 6503(a) applicable.

Section 6212 or its predecessor originally authorized respondent to mail the notice of deficiency by registered mail—and this Court held in *Clement Brzezinski*, 23 T.C. 192, that a notice sent by other than registered mail would not suffice. Thus, a notice sent by ordinary mail would not be sufficient. The statute presently authorizes the mailing of the notice by either registered or certified mail. Thus, mailing the notice by certified mail would suffice today if the parcel can be so mailed. But because the postal regulations limit the use of certified mail to domestic mail, the use of that type mail for the notice here involved was not available to respondent and the only way he could comply with the statute and suspend the running of the statute of limitations was by mailing the notice by registered mail. This he did not do until after the statutory period had expired and he could not breathe life back into it by remailing the notice by registered mail at a later date.

What appears to be the closest case in point is *Welch* v. *Schweitzer*, 106 F. 2d 885 (C.A. 9, 1939), which we believe supports petitioner and our conclusion here. There, respondent mailed the notice of deficiency

by registered mail but addressed to other than the taxpayers' last-known address 2 weeks before the expiration of the statute of limitations. It was returned undelivered to respondent who then remailed the notice to the proper address 8 days after the statutory period expired. The court held that the original notice was ineffective because it was not mailed to the proper address.

While arguments pro and con on this issue can be made from statements made in some of the numerous opinions dealing with the date to be used in computing the 90-day period for filing the petition in the Tax Court, we do not find any of those cases to be apposite or controlling here, and there is no point in discussing them in this opinion. See, for example, *Boccuto* v. *Commissioner*, 277 F. 2d 549 (C.A. 3, 1960); *Tenzer* v. *Commissioner*, 285 F. 2d 956 (C.A. 9, 1960); *Eppler* v. *Commissioner*, 188 F. 2d 95 (C.A. 7, 1951).

Respondent argues with little conviction that because copies of the notice of deficiency were mailed, pursuant to powers of attorney on file, to petitioners' attorneys and accountant by ordinary mail on December 30, 1970, this alone was sufficient to suspend the running of the statute, citing *Commissioner* v. *Stewart*, 186 F. 2d 239 (C.A. 6, 1951); *Clement Brzezinski, supra; Milton Berger*, 48 T.C. 848. In addition to being unable to determine from the evidence whether copies of the notice were actually mailed to petitioners' attorneys, and, if so, when and by what form of mail, we do not believe those cases are in point. In those cases valid notices of deficiency were timely mailed to the taxpayers' attorneys by registered mail pursuant to powers of attorney.

We conclude that assessment and collection of the deficiencies involved in this case is barred by the statute of limitations. Petitioners' motion will be granted.

*Decision will be entered for the petitioners.*