MICHIO MORI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mori v. Commissioner
Docket No. 18629-80
United States Tax Court
T.C. Memo 1982-175; 1982 Tax Ct. Memo LEXIS 566; 43 T.C.M. (CCH) 1000; T.C.M. (RIA) 82175; April 7, 1982. Richard M. Buhrfiend and Ronald E. Hahn, for the petitioner. Lawrence C. Letkewicz and Bobby D. Burns, for the respondent. WILBUR
*567 MEMORANDUM OPINION WILBUR, Judge: This matter comes before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition herein was not timely filed and on petitioner's motion to dismiss on the grounds that the deficiency notice was not sent to his last known address. The issue for decision is whether the notice of deficiency was mailed to petitioner's "last known address" within the meaning of section 6212(b)(1). [1] The facts relevant to a resolution of this issue are set forth below. Petitioner, a citizen of Japan, entered the United States in April 1975 on a temporary assignment with Quasar Electronic Company, a division of Matsushita Electric Corporation of America. In April 1976, petitioner timely filed a Form 1040 but included income and expenses attributable to the period from April 1, 1975 to March 31, 1976. Upon learning that he should have filed his return based on a calendar year, petitioner filed an amended return for the taxable year ending December 31, 1975 on which he reported income and expenses attributable *568 to the 1975 calendar year. Petitioner's 1975 amended return was received by the Kansas City Service Center on February 18, 1977. At the same time, petitioner also filed a return for the 1976 taxable year on which he reported income and expenses attributable to that year. The address appearing on these returns was: 2 S. 340 Glen Ave., Lombard, Ill. 60148 Petitioner departed from the United States on February 25, 1977 to continue his employment with Matsushita Electric Corporation in Japan. Prior to his departure, he filed a Departing Alien Income Tax Return, Form 1040C, listing his foreign address as: 107-2 Hiyoshidai, Takatsuki, Japan
Petitioner's United States address listed on the Form 1040C was: 2 S. 340 Glen Ave., Lombard, Ill. 60148 In June 1978, a Nonresident Alien Income Tax Return, Form 1040NR, for 1977 was filed with the Philadelphia Service Center, bearing petitioner's name and listing his address as: 71 Kawaramachi, 5 Chone, Higashi, Ku Osaka, Japan, C.P.O. Box 288, Osaka, Japan
The return was signed by petitioner's representative, Edward A. Ahern, but was neither signed by the petitioner nor dated. On January 10, 1980, the Internal Revenue Service's *569 Office of International Operations (OIO) sent by registered mail a notice of deficiency in respect of the taxable years 1975 and 1976 to petitioner at the following address: 107-2 Hiyoshidai, Takatsuki, Japan. The notice was not deliverable at this address and was returned to respondent on March 13, 1980. By letters dated December 21, 1979 and February 1, 1980, respondent issued payment notices to petitioner for 1975. The notices were mailed to petitioner, c/o Matsushith [Matsushita] Electric Trading Co. Lt., 40 N. Dearborn St., Chicago, Il. 60648. On February 25, 1980, petitioner's representative, Edward A. Ahern, wrote to the Philadelphia Service Center requesting an explanation of the notice dated December 21, 1979. On May 13, 1980, the Director of OIO mailed to petitioner, by regular mail, Form L-275, advising petitioner that no further change to the notice of deficiency was warranted and enclosed therein a copy of the notice of deficiency which was not deliverable. This mailing was sent to petitioner at the following address: c/o Matsushita Electric
Somdai [Sendai] Branch, 1-11, Kokubuncho-III Sendai, 908 [980], Japan
Petitioner actually received this mailing *570 and filed his petition with this Court on October 3, 1980, more than 150 days after the respondent mailed the notice of deficiency to petitioner's 107-2 Hiyoshidai address. The Secretary of the Treasury or his delegate is authorized pursuant to section 6212(a) to send a notice of deficiency to a taxpayer when it has been determined that a deficiency exists. Under section 6212(b)(1), a statutory notice of deficiency will be sufficient if mailed to the taxpayer's "last known address." Within 90 days, or 150 days if the notice is addressed to a person outside the United States, the taxpayer may file a petition with this Court for a redetermination of the proposed deficiency. Section 6213(a). If we find that the notice of deficiency was mailed to petitioner's last known address, we must grant respondent's motion to dismiss for lack of jurisdiction because of the untimeliness of the petition. Stewart v. Commissioner,55 T.C. 238 (1970); McCormick v. Commissioner,55 T.C. 138 (1970). If, however, we find that the notice was not mailed to petitioner's last known address, we are still without jurisdiction to proceed because a valid notice was not *571 sent. Shelton v. Commissioner,63 T.C. 193, 195 (1974); Heaberlin v. Commissioner,34 T.C. 58 (1960). We therefore must decide whether the notice of deficiency was mailed to petitioner's last known address under section 6212(b)(1). [2]
A taxpayer's last known address is the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which the taxpayer has requested all communications to be sent. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), *572 affd. without published opinion 538 F.2d 334 (9th Cir. 1976); Budlong v. Commissioner,58 T.C. 850, 852 (1972). It is the address to which, in light of all the facts and circumstances, the respondent reasonably believed the taxpayer wished the notice to be sent. Brown v. Commissioner, 78 T.C.     (Feb. 8, 1982); Looper v. Commissioner,73 T.C. 690 (1980). Although respondent must exercise reasonable diligence to ascertain the taxpayer's correct address, he is entitled to use the address appearing on the taxpayer's return for the year for which the notice of deficiency is being issued unless he receives a clear and concise notification from the taxpayer to use a different address or otherwise has actual knowledge that the address shown on the return is incorrect. Weinroth v. Commissioner,74 T.C. 430, 435 (1980); Alta Sierra Vista, Inc. v. Commissioner,62 T.C. at 374-375. For 1975 and 1976, the taxable years in question, petitioner, temporarily sojourning in the United States, filed returns listing his address at 2 S. 340 Glen Avenue, Lombard, Ill. However, petitioner, scheduled to depart from *573 the country for Japan on February 25, 1977, filed on February 16, 1977 a Departing Alien Income Tax Return, Form 1040C, listing his address in Japan as 107-2 Hiyoshidai, Takatsuki. Although the notice of deficiency was issued with respect to 1975 and 1976, petitioner's filing of the 1040C almost contemporaneously with the filing of his 1975 and 1976 returns constituted clear notification to respondent that he could thereafter be reached at the address in Japan. Thus, in the absence of any further notification of a change in address, the respondent could clearly rely on this address listed on the 1040C. Petitioner asserts that the notice of deficiency should have been sent to the United States office of his employer, Matsushita Electric Trading Co. at 40 N. Dearborn St., Chicago, Illinois, since the respondent corresponded with petitioner at this address. It appears from the record that the Philadelphia Service Center issued a payment notice to petitioner with respect to 1975 shortly before it mailed the notice of deficiency and that petitioner's accountant, Edward Ahern, responded to this notice on February 25, 1980. These communications, however, do not establish that respondent *574 was officially notified of a change in address, or even informally advised that respondent should send all communications to the 40 N. Dearborn address. See Alta Sierra Vista, Inc. v. Commissioner,62 T.C. at 375; Stewart v. Commissioner,supra at 242; McCormick v. Commissioner,supra at 142. Additionally, it is highly doubtful that respondent would have been justified in sending the notice of deficiency to a place of business in the United States at which petitioner no longer worked especially where respondent was apprised that petitioner was living in Japan and possessed petitioner's Japanese address in his file. Furthermore, that N. Dearborn may conceivably have been an acceptable address does not demonstrate that 107-2 Hiyoshidai was a wrong address. By corresponding with respondent through the N. Dearborn address, petitioner did not indicate that he moved from the 107-2 Hiyoshidai address. In any event, there may be more than one correct address upon which the respondent may reasonably rely. Delman v. Commissioner,384 F.2d 929 (3d Cir. 1967), affg. a Memorandum Opinion of this Court; Alta Sierra Vista, Inc. v. Commissioner,supra; *575 Lifter v. Commissioner,59 T.C. 818 (1973). As was stated in Delman v. Commissioner:
Section 6212(b)(1) was intended to apply only in situations where the Secretary did not have the taxpayer's correct address because of the failure or inability of the taxpayer to notify him of a change. This section was enacted to protect the Secretary in this circumstance and is not a sword to be used by the taxpayer. The language "shall be sufficient" is the first key to this analysis. It immediately suggests that although other means may be equally suitable and, perhaps, even better, the Government is protected if the notice is sent to the last known address. * * * [384 F.2d at 932. Emphasis added.] Thus, in the absence of any notification that the 107-2 Hiyoshidai address was incorrect, respondent acted reasonably in mailing the notice to that address. At trial, petitioner's counsel introduced into evidence a Nonresident Alien Income Tax Return, Form 1040NR, for 1977 which was filed with the Philadelphia Service Center sometime in 1978. The return bore petitioner's name and listed his address as: 71 Kawaramachi, 5 Chone, Higashi, Ku Osaka, *576 Japan, C.P.O. Box 288, Osaka, Japan
The ambiguities surrounding this tax return deprive it of any probative value as to whether respondent was adequately notified of a change in address. The return was neither signed by the petitioner nor dated. No evidence was offered that this return was a true copy of the form filed with the Service or that a form of this nature, signed and dated, was actually filed. Nor do we know the precise date of such filing. If it was filed unsigned by petitioner and undated, there is no reason to believe that the Service, in the normal course of its duties, would have filed the document in its proper place. Thus, we believe that petitioner has not met his burden of showing that this document provided respondent with sufficiently clear notification of any change of address. See Budlong v. Commissioner,58 T.C. at 852; Rule 142(a), Tax Court Rules of Practice and Procedure.
Assuming arguendo that such a return was duly filed by petitioner, signed and dated, we would still be unable to conclude that such filing constituted "clear and concise" notification of a change in address. Although a subsequently filed tax return may be *577 relevant in determining a taxpayer's last known address (see McPartlin v. Commissioner,653 F.2d 1185 (7th Cir. 1981), but see Budlong v. Commissioner,supra at 853), we do not think that the 1040NR, standing alone, adequately notified the respondent of a change in address. Cf. Crum v. Commissioner,635 F.2d 895 (D.C. Cir. 1980) (three separate communications along with two subsequently filed tax returns bearing an address different than that stated on the return adequately notified respondent of change of address). [3] In any event, petitioner has never indicated at trial that the address listed on the Form 1040NR was his correct address at the time respondent mailed the notice of deficiency. Further, petitioner offered no indication that the refund requested on the 1040NR was ever received at the address listed on that return. *578 Petitioner suggests that respondent spin a roulette wheel with a bewildering array of addresses. The statute before us contemplates a workable procedure wholly in accord with the procedure respondent followed herein. We thus hold that petitioner has failed to carry his burden of proof that his last known address was other than 107-2 Hiyoshidai, Takatsuki, Japan. Since the January 10, 1980 notice of deficiency in respect of the taxable years 1975 and 1976 was valid, the petition herein, filed more than 150 days after such date, was untimely. Section 6213. Accordingly, we grant respondent's motion to dismiss for lack of jurisdiction and deny petitioner's motion to void the deficiency notice. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. The issue is whether the notice of deficiency mailed January 10, 1980 is valid. The "redispatched" notice of deficiency which respondent included in the May 13, 1980 mailing was not valid since it was not sent by registered or certified mail. Sec. 6212(a). Williams v. Commissioner,13 T.C. 257 (1949); John A. Gebelein, Inc. v. Commissioner,37 B.T.A. 605 (1938); see also D'Andrea v. Commissioner,263 F.2d 904 (D.C. Cir. 1959). Contra, Tenzer v. Commissioner,285 F.2d 956 (9th Cir. 1960); Boren v. Riddell,241 F.2d 670↩ (9th Cir. 1957).
3. Since petitioner's legal residence is Japan, any appeal in the present case would lie to the Court of Appeals for the District of Columbia. See sec. 7482(b)(1). In its most recent decision on this issue, Crum v. Commissioner,635 F.2d 895 (D.C. Cir. 1980), the Court of Appeals stated that it was "questionable and unclear" whether subsequently filed tax returns alone could provide adequate notification of a change in address. Crum v. Commissioner,supra at 899. In that case, the Court found that "notice of Crum's Hong Kong Marina address was afforded and evidence apart from his 1970 and 1971 income tax returns." Id.↩