DOMENIC CANNIZZARO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cannizzaro v. Commissioner
Docket No. 10608-81.
United States Tax Court
T.C. Memo 1982-633; 1982 Tax Ct. Memo LEXIS 113; 44 T.C.M. (CCH) 1557; T.C.M. (RIA) 82633; October 28, 1982. Domenic Cannizzaro, pro se. Hurlan C. Warren, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1978 in the amount of $2,056. One concession having been made by respondent, the sole issue for decision is whether petitioner properly reported his dividend income for 1978. FINDINGS *115 OF FACT Some of the facts in this case have been stipulated and are found accordingly. The stipulations of fact and the exhibits attached thereto are incorporated herein by this reference. Petitioner filed a timely Federal income tax return as an unmarried individual for the year 1978. During 1978, and at the time the petition herein was filed, he was a practicing attorney residing in San Francisco, California. On a schedule attached to his 1978 income tax return, petitioner listed dividends from 23 separate sources which he showed in the amount of $6,345.23. [3] From this total, petitioner directly deducted the amount of $1,043.43, representing interest payments made with respect to a margin account maintained during 1978 with a stockbroker. Petitioner did not designate this payment of interest as an itemized deduction and did not attempt to claim any other itemized deductions on his tax return for 1978. After further reducing the total amount of dividends received by $882.48 for nontaxable dividends, and $100 for the exclusion allowed under section 116, petitioner reported taxable dividends of $4,319.32. *116 In the statutory notice of deficiency, respondent proposed to increase petitioner's taxable dividends by $1,174. It appears that respondent calculated this adjustment by comparing the total amount of dividends shown as taxable on petitioner's return with information submitted to respondent by persons who had paid various dividends to petitioner. The notice of deficiency made no reference to the interest payment made to the stockbroker. In a brief submitted at the trial, petitioner admitted that he had understated his dividend income, but by an amount substantially smaller than that shown in the notice of deficiency; here also, no reference was made to the interest payment. At the trial, the statements in petitioner's brief were not addressed by respondent's counsel, and no credible evidence was offered by either party relating to the source and/or amount of each of the various dividends received by petitioner. However, respondent's counsel conceded that, notwithstanding the notice of deficiency and petitioner's brief, the only adjustment he was seeking to make to petitioner's tax return was to increase petitioner's taxable dividend income by $1,043.43. Based on this concession, *117 we find that the information contained in petitioner's 1978 tax return correctly identifies the source and establishes the amount of each dividend received by petitioner in 1978; but, for the reasons stated below, petitioner is not entitled to deduct any amount of the interest paid to his stockbroker from his dividend income. Therefore, we find that petitioner had taxable dividend income in the amount of $5,664.05 for 1978. OPINION The single issue in this case concerns the propriety of petitioner's treatment of the $1,043.43 interest payment. Petitioner has deducted the interest payment directly from his dividend income. Respondent seeks to disallow this deduction solely on the ground that the interest payment represents an itemized deduction not exceeding petitioner's zero bracket amount for 1978. Initially, it should be noted that petitioner offered no explanation as to why he thought it proper to deduct the interest payment directly from his dividend income. We observe here that, even if the payment represents a properly allowable deduction, it was improper, on these facts, for petitioner to report the transaction in this manner. See sections 62 and 63. The Court will, *118 however, consider whether petitioner is entitled to any tax benefit from the interest payment. Section 163 of the Code provides that there shall be allowed as a deduction all interest paid or accrued within the taxable year. When not attributable to a trade or business, the deduction for interest under section 163 constitutes an "itemized deduction" that may only be used to arrive at taxable income to the extent that the total of all of the taxpayer's itemized deductions exceed his zero bracket amount. Section 63. Similarly, ordinary and necessary expenses incurred for the production of income, which are allowable as deductions under section 212, are also subject to the zero bracket amount limitation. The record clearly shows that the total of petitioner's interest payments did not exceed his zero bracket amount of $2,200 for 1978. Since petitioner did not attempt to claim any other itemized deductions, section 63 clearly requires the denial of an itemized deduction under section 163 or section 212. Nevertheless, under section 62(1), ordinary and necessary expenses which are attributable to a trade or business carried on by the taxpayer during the taxable year may be allowed *119 as deductions in arriving at adjusted gross income, without regard to the zero bracket amount. At the trial, petitioner stated: "all of the transactions with [the stockbroker] were conducted in one account, and they included receipt of dividends, purchase and sale of options and purchase of some stock on margin and possibly advances to me on my account for use for my business." Petitioner made no effort to provide the Court with any additional information concerning this account, and absolutely nothing in the record shows that any funds were actually obtained from the stockbroker for use in petitioner's law practice. Consequently, the Court has no way of determining whether any amounts of the interest paid to the stockbroker constituted expenses of petitioner's trade or business as a practicing attorney. Petitioner did not attempt to argue that he was in the trade or business of trading stocks or stock options during 1978, and the record shows that he was not so engaged. Deductions from income are a matter of legislative grace and a taxpayer must meet the specific statutory requirements for any deduction claimed. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). *120 Additionally, the burden of proof is on the petitioner in this proceeding to demonstrate his entitlement to the deductions disallowed by respondent. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. The Court finds that the petitioner has failed to carry the burden of proving that any amount of the payments of interest to the stockbroker should be deductible from income in any manner. However, as argued by petitioner at the trial, the issue in this case involves not so much the correctness of respondent's position regarding the interest payment but, rather, the sufficiency of respondent's notice of deficiency. As indicated, the notice of deficiency did not specifically refer to the interest payment to the stockbroker. At the trial, petitioner challenged the sufficiency of the notice on the grounds that it only gave him notice of respondent's assertion of unreported dividends. We reject this challenge. Section 6212(a) provides simply for the mailing of a statutory notice of deficiency to the taxpayer. While there was certainly some confusion surrounding the notice of deficiency in this case, [4] it is clear that *121 the jurisdiction of the Court extends only to determine the correctness of the asserted deficiency, not to determine the propriety of respondent's internal procedures. Crowther v. Commissioner,28 T.C. 1293 (1957), revd. on other grounds 269 F.2d 292 (9th Cir. 1959); Luhring v. Glotzbach,304 F.2d 560 (4th Cir. 1962); Levine Brothers Co., Inc. v. Commissioner,5 B.T.A. 689 (1926). Inasmuch as respondent's notice of deficiency specified that the asserted deficiency was based on unreported or underreported dividends which, in turn, resulted from petitioner's improper reduction of his taxable dividends, we do not think that there was "an error or irregularity of sufficient magnitude to nullify the notice" in this case. Birnie v. Commissioner,16 T.C. 861, 862 (1951). In any event, we feel that petitioner's preparedness at trial amply demonstrated that he had actual notice of the matters underlying the statutory notice. Accordingly, we conclude that the petitioner is not entitled to reduce his dividend income by $1,043.43, and that he is not otherwise entitled to deduct this amount from income, in the absence *122 of a showing that the total amount of itemized deductions exceeded his zero bracket amount. In order to reflect concessions and give the parties an opportunity to make various adjustments, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. As the result of a mathematical error by petitioner, dividends were actually understated by $301.30 and should have totaled $6,646.53. Another mathematical error by petitioner resulted in a $1,000 understatement of gross income. Although the parties have recognized both errors, respondent considered only the latter in computing the $2,056 deficiency.↩
4. Much of this confusion can be attributed to the mathmatical errors noted above, and the fact that the statutory notice failed to consider any of the $1,433 in self-employment tax paid by the petitioner in 1978.↩