WILLIAM C. JORGENSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jorgensen v. Commissioner
Docket No. 2014-83.
United States Tax Court
T.C. Memo 1983-759; 1983 Tax Ct. Memo LEXIS 34; 47 T.C.M. (CCH) 700; T.C.M. (RIA) 83759; December 19, 1983. Richard L. Blumenthal and Jerome J. Strelov, for the petitioner. Jo-Ann W. Fox, for the respondent. WILES
*35 MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $10,016 deficiency in petitioner's 1976 Federal income tax. This proceeding arises from respondent's motion to dismiss for lack of jurisdiction on the ground that the petition to this Court for redetermination of deficiency was not timely filed by petitioner. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, William C. Jorgensen, resided at 102 [1] Gedney Street, Nyack, New York, when he filed his petition in this case. On September 21, 1978, petitioner mailed a joint Federal income tax return for the calendar year 1976 to the Internal Revenue Service Center at Holtsville, New York, which was received by the Service Center on September 29, 1978. The address set forth on petitioner's 1976 return was 1 Horizon Road, Fort Lee, New Jersey 07024 (the Fort Lee address). Although the issue in this case is whether respondent *36 mailed a motice of deficiency for petitioner's 1976 taxable year to petitioner's last known address, resolution of this issue turns upon events and circumstances occurring in prior and subsequent years. During his 1975 taxable year petitioner claimed a charitable contribution deduction for the fair market value of stock donated to charity which resulted in a $20,032 charitable contribution carryover to petitioner's 1976 tax year. Respondent challenged petitioner's valuation of the 1975 stock transfer, and subsequent negotiations carried on until August 1981 between respondent's representative, Julius A. Jove (hereinafter Jove), and petitioner's attorney resulted in a settlement that eliminated the charitable contribution carryover to 1976. [2]
In September 1981, following the accord reached on petitioner's 1975 taxable year, Jove determined that assessment of a deficiency against petitioner's 1976 taxable year was not barred by the statute of limitations. Therefore, on September 10, 1981, Jove requested from the *37 Holtsville Service Center a copy of petitioner's 1976 Federal income tax return and a copy of the most recent return on file to assist in preparing the statutory notice. The Service Center advised Jove that petitioner's 1979 return was the most recent return available and that the address reflected thereon was: c/o V. Andrews Mgt., 488 Madison Avenue, New York, New York 10022 (hereinafter the Madison Avenue address). They further advised him that on June 15, 1981, the Manhattan District Director received an Application for Extension of Time to File (Form 2688) for petitioner's 1980 taxable year and that it too reflected the Madison Avenue address. When Jove was attempting to locate petitioner's last known address his files contained numerous addresses for petitioner on a variety of documents, including petitioner's current work address. However, at no time during respondent's investigation into petitioner's 1975 and 1976 taxable years, nor at any point up to the date of trial on the motion herein, did petitioner or his agents advise respondent in writing of a change of address. On September 11, 1981, Jove received the requested copy of petitioner's 1976 return. With the information *38 on that return, and on the 1975 return previously in his possession, he recommended to the District Director that notices of deficiency be mailed to: (a) Sunset Beach Apartments, Apt. 8, Key Colony Beach, Florida 33051 (the Sunset Beach address), which was reflected on petitioner's 1975 return; (b) the Fort Lee address; and (c) the Madison Avenue address. On the same date, Jove also contacted petitioner's attorney and advised him that the District Counsel's Office was going to recommend issuance of a notice of deficiency for petitioner's 1976 taxable year. Petitioner's attorney did not request a copy of the notice of deficiency be sent to him, and respondent would not have sent him a copy because petitioner's attorney had not filed a power of attorney for petitioner's 1976 taxable year. [3]
*39 On September 18, 1981, respondent mailed three identical notices of deficiency to petitioner at the addresses recommended by Jove. The notices of deficiency mailed to the Sunset Avenue and Fort Lee addresses were returned to respondent as undeliverable. The notice of deficiency mailed to the Madison Avenue address was received by petitioner's former accountant, [4] Gerald Howard, on September 21, 1981. When Mr. Howard received the notice, he called petitioner's new accountant and told him that he had received a notice of deficiency for petitioner. Later the same day he photocopied the front of the unopened envelope and sent the notice by certified mail to petitioner's new accountant. Late in the summer of 1982, petitioner's attorney received a copy of the notice of deficiency that had been mailed to the Madison Avenue address. Petitioner's attorney filed a petition in this case on January 31, 1983, approximately 500 days after the statutory notice was issued. ULTIMATE FINDINGS OF FACT The statutory notice was mailed to petitioner's last known address. OPINION
*40 We must determine whether respondent mailed the notice of deficiency to petitioner's last known address. Section 6212(a) authorizes the Commissioner to send a notice of deficiency to a taxpayer when it has been determined that a deficiency exists in the taxpayer's taxes. Generally, such notice of deficiency "shall be sufficient" if mailed to the taxpayer at his last known address. Sec. 6212(b)(1). If the notice is mailed to a taxpayer in the United States, he has 90 days after the mailing of the notice to file his petition for a redetermination of the deficiency with this Court. Sec. 6213(a). These provisions are designed to notify the taxpayer of the Commissioner's determination and give him an opportunity to litigate the validity of such determination in this Court without first paying the asserted deficiency. Mulvania v. Commissioner,81 T.C. 65, 67 (1983). This Court has consistently held that a taxpayer's "last known address" is the last known permanent address or legal residence of a taxpayer or last known temporary address of a definite duration to which the taxpayer has directed that all communications be sent. E.g., Budlong v. Commissioner,58 T.C. 850, 852 (1972). *41 Generally, a taxpayer's last known address is that address which, in light of all relevant circumstances, the Commissioner reasonably believes that the taxpayer would wish him to use. Frieling v. Commissioner,81 T.C. 42, 49 (1983); Lifter v. Commissioner,59 T.C. 818, 821 (1973). Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed of his proper address. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. in an unpublished opinion 538 F. 2d 334 (9th Cir. 1976). When a taxpayer alleges that a notice of deficiency has been mailed to him at the wrong address, he must show that he gave the Commissioner clear and concise notification of his address change. Alta Sierra Vista, Inc. v. Commissioner,supra at 374; Lifter v. Commissionersupra at 821; Budlong v. Commissioner,supra.The controlling standard is whether respondent used reasonable diligence in ascertaining petitioner's correct address. See Alta Sierra Vista, Inc. v. Commissioner,supra.
We find that respondent's use of *42 the Madison Avenue address constituted the exercise of reasonable diligence in attempting to mail a notice of deficiency to petitioner's last known address. Where respondent has not been notified of a change in petitioner's address, he is entitled to rely on the address disclosed on the return for the year in issue. Alta Sierra Vista, Inc. v. Commissioner,supra.However, where respondent knows or has reason to know that petitioner has changed his address, he is required to send the notice of deficiency to petitioner's new address. O'Brien v. Commissioner,62 T.C. 543, 549 (1976). In the instant case, respondent apparently was unsure whether the addresses on petitioner's 1975 and 1976 returns were current, so he called the Internal Revenue Service Center to obtain petitioner's most recent address as reflected in the Service Center's computer. The Madison Avenue address that he obtained was listed on petitioner's Request for Extension of Time to File his 1980 return that had been received by the Manhattan District Director only three months before the notice was mailed to petitioner. We fail to see how respondent, in the absence of clear and *43 concise notice from petitioner or his agents [5] concerning a change of address, could be said to have failed to exercise reasonable diligence by obtaining the most recent address reflected in his records, especially when that address has been listed on a document received only three months before. [6] Under the circumstances, the Madison Avenue address was the address to which the Commissioner reasonably believed that petitioner wished the notices to be sent. Berger v. Commssioner,404 F. 2d 668, 671 (3d Cir. 1968), affg. 48 T.C. 848 (1967). *44 While respondent was also aware of petitioner's work address, his failure to mail a copy of the notice to that address does not constitute lack of reasonable diligence. Respondent has numerous addresses in his files and he reasonably decided to rely on the most recent address available. Petitioner has never used his work address on any communications with the respondent, yet he had used the Madison Avenue address on both his 1979 return and his extension request for the 1980 taxable year. Clearly, under the circumstances respondent reasonably believed that petitioner would wish him to direct mail to the Madison Avenue address. Lifter v. Commissioner,supra.
Moreover, respondent's failure to mail a copy of the notice to petitioner's attorney was appropriate because on the date the statutory notice was mailed, petitioner has not filed a power of attorney directing that all correspondence with respect to his 1976 taxable year be sent to his attorney. See Reddock v. Commissioner,72 T.C. 21 (1979), and cases cited therein at pages 24-25. In sum, based on the record herein, we believe that respondent's notice of deficiency was mailed to petitioner's *45 last known address. Consequently, petitioner's petition for a redetermination was not timely filed and respondent's motion to dismiss for lack of jurisdiction must be granted. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. From various documents in the record, petitioner's address appears to be 103 Gedney Street; however, we will rely on the address stated in the stipulation of facts. Rule 91(a), Tax Court Rules of Practice and Procedure.↩
2. The record does not indicate whether or at what address respondent contacted petitioner throughout the negotiations regarding the 1975 charitable contribution.↩
3. Section 6103(a) and (c) and the regulations thereunder generally prohibit respondent from disclosing any information regarding a taxpayer's return unless the taxpayer has filed a power of attorney or other written request for each year in which the taxpayer desires disclosure of return information. Petitioner's attorney subsequently filed a power of attorney for petitioner's 1975, 1976, and 1977 taxable years in the summer of fall of 1982.↩
4. Mr. Howard was petitioner's accountant from August 1979 until sometime prior to September 21, 1981.↩
5. At trial, Mr. Howard testified that he believes that prior to September 1981, he orally notified one of respondent's agents in the Manhattan District office that he no longer represented petitioner. Based on the record herein, we are unable to determine whether Mr. Howard notified respondent's agents that petitioner had changed his address. Under these circumstances, Mr. Howard's notice does not constitute clear and concise notice to respondent of a change in petitioner's address. See Birnie v. Commissioner,16 T.C. 861, 862↩ (1951). 6. There is nothing to indicate that the Madison Avenue address was merely temporary, and cases such as Looper v. Commissioner,73 T.C. 690↩ (1980), are distinguishable.