C. FREDERICK WESTPHAL, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Westphal v. Commissioner
Docket No. 1540-91
United States Tax Court
T.C. Memo 1992-599; 1992 Tax Ct. Memo LEXIS 622; 64 T.C.M. (CCH) 1041; October 7, 1992, Filed *622 For C. Frederick Westphal: pro se. For Respondent: Deborah C. Stanley. WELLS
WELLS
MEMORANDUM OPINION WELLS, Judge: The instant case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner failed to file his petition within the time prescribed by section 6213(a). Unless otherwise indicated, all section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure. In his objection to respondent's motion, petitioner contends that the notice of deficiency in issue in the instant case was not sent to his last known address. Although petitioner has not moved to dismiss based on such contention, because petitioner's contention raises the question of our jurisdiction and respondent acknowledges the presence of such issue, we address the last known address issue sua sponte. Gustafson v. Commissioner, 97 T.C. 85, 90 (1991). In the instant case, there is no dispute over the facts, as they have been fully stipulated by the parties. At the time the petition was filed in the instant case, petitioner resided in Newport News, Virginia. The notice of *623 deficiency in issue in the instant case covers petitioner's 1987 taxable year. Respondent mailed the notice of deficiency to petitioner on October 17, 1990. At that time, petitioner had filed neither his 1987 income tax return nor his returns for taxable years 1988 and 1989. Petitioner's 1986 return was the last return he had filed when the notice of deficiency was issued for petitioner's 1987 taxable year. Petitioner had filed his 1986 return on April 16, 1990, as a joint return with Nancy Westphal, his former spouse. The address used on the 1986 return was 85 Cherokee Road, Hampton, Virginia 23661. At that time, petitioner and Nancy Westphal were divorced, she resided at the 85 Cherokee Road address, petitioner had remarried, and he resided at the residence of his new wife at 29 MacIrvin Drive, Newport News, Virginia 23606. On April 16, 1990, in addition to filing the 1986 return, petitioner filed an application for an automatic extension of time to file his 1989 income tax return (Form 4648). The address used on the Form 4648 was petitioner's office address, 739 Thimble Shoals Boulevard, Suite 606, Newport News, Virginia 23606. On August 15, 1990, petitioner filed an application *624 for an additional extension of time to file his 1989 return (Form 2688). Petitioner used the 29 MacIrvin Drive address on the Form 2688 which was received by the Philadelphia Service Center on August 20, 1990. The Form 2688 was approved and returned to petitioner at the 29 MacIrvin Drive address. At the time he filed the Form 2688 for his 1989 return, petitioner was in the process of moving his office from the 739 Thimble Shoals address to 7 West Queens Way, Hampton, Virginia 23669. To ensure that he would receive a timely response, petitioner submitted the Form 2688 using the 29 MacIrvin Drive address. Upon completion of his move to his new office, petitioner began using the 7 West Queens Way address on all of his correspondence. By letter dated September 5, 1990, and addressed to petitioner at the 85 Cherokee Road address, petitioner was notified that his 1986 income tax return had been selected for examination. The letter was signed by the District Director, Richmond, Virginia. The September 5, 1990, letter from the District Director stated that an appointment had been scheduled for September 26, 1990. Because petitioner was no longer residing at the 85 Cherokee Road address, *625 he did not receive the letter until his former spouse gave it to him during the weekend of September 22, 1990. On Monday, September 24, 1990, petitioner telephoned the tax examiner with whom the appointment was scheduled, and requested a postponement. The appointment was rescheduled for November 6, 1990. During the telephone conversation with the tax examiner, petitioner stated that his address had changed to the 7 West Queens Way address. Petitioner did not give written notice of such change of address to the tax examiner or any other employee or office of the Internal Revenue Service. On October 17, 1990, as stated above, respondent mailed the notice of deficiency covering petitioner's 1987 taxable year to petitioner by certified mail addressed to him at the 85 Cherokee Road address. On November 6, 1990, petitioner attended the rescheduled conference with the tax examiner. Following the conference, the records of the Internal Revenue Service were updated to reflect petitioner's new address. On December 5, 1990, petitioner was notified, by a letter addressed to petitioner and his former spouse at the 7 West Queens Way address, that his 1986 return was accepted with no change *626 in the amount of tax due. The petition was mailed to the Tax Court on January 17, 1991, 92 days after the mailing of the notice of deficiency, and 2 days after the 90-day filing period prescribed by section 6213(a). The question we must resolve is whether our lack of jurisdiction is attributable to petitioner's failure to file a timely petition or respondent's failure to mail the notice of deficiency to petitioner's last known address. Respondent's position in the instant case is that petitioner did not give clear and concise notice of his change of address because petitioner did not communicate the change in writing. Respondent also contends that, notwithstanding the form of communication which petitioner used to change his address, a sufficient period of time had not elapsed for the purpose of processing the change on respondent's records. The last known address issue has led to a plethora of jurisdictional disputes in this Court. That is because our jurisdiction is predicated upon the issuance of a valid notice of deficiency, which section 6212(b)(1) provides will be "sufficient" if mailed to the taxpayer's last known address. Recently, we held that absent clear and concise *627 notice of a change of address, a taxpayer's last known address is the address shown on the taxpayer's most recently filed return. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). The issue is factual. Frieling v. Commissioner, 81 T.C. 42, 49 (1983); Marcus v. Commissioner, 12 T.C. 1071, 1072 (1949). We must decide whether respondent reasonably believed that petitioner wanted notices to be sent to the address used by respondent, taking into account all of the surrounding facts and circumstances, and the focus is upon what respondent knew or should have known about petitioner's new address. Monge v. Commissioner, 93 T.C. 22, 27-28 (1989). It is well established that oral notification of a change of address, clearly proved, is sufficient. Mollet v. Commissioner, 82 T.C. 618, 625-626 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985); Frieling v. Commissioner, supra; Greenstein v. Commissioner, T.C. Memo. 1990-405. *628 Nevertheless, in the instant case, respondent ignores our precedent and argues that a taxpayer's notice of change of address must be in writing. In support of that argument, respondent cites Rev. Proc. 90-18, 1990-1 C.B. 491, which was effective on March 26, 1990, the date of publication. According to Rev. Proc. 90-18, supra, in order to effectively change an address on respondent's records from the address of a taxpayer's most recently filed return to a different address, the taxpayer must give the Service clear and concise written notification of the change of address. The revenue procedure provides that a clear and concise written notification of a change of address generally will be considered properly processed 45 days after receipt of the notification by one of certain specified persons. To be sure, Rev. Proc. 90-18, supra, is a commendable effort by the Commissioner to establish a clear, uniform method of notifying the Internal Revenue Service of a change of address. When taxpayers follow the revenue procedure, we have no doubt that it *629 will reduce the significant number of jurisdictional disputes over the last known address issue coming before this Court. The guidelines provided by Rev. Proc. 90-18, supra, when followed by taxpayers, will make it easier for taxpayers to establish that notice of a change of address has been communicated and provide an unequivocal statement of an address upon which the Commissioner should be able to rely in sending notices of deficiency to taxpayers. Surely, however, the issuance of Rev. Proc. 90-18, supra, in no way limits the case law precedent established in this Court or, for that matter in any Circuit Court of Appeals, regarding the effectiveness of oral notice of a change of address. The Commissioner's rulings are not binding precedent in this Court. Capitol Federal Savings & Loan v. Commissioner, 96 T.C. 204, 222 (1991); Stark v. Commissioner, 86 T.C. 243, 250-251 (1986). In the instant case, respondent does not argue that the oral notice given by petitioner was not clear or that there is any uncertainty over whether the *630 7 West Queens Way address is the address to which petitioner wanted the Internal Revenue Service to send notices. There can be no doubt in the instant case that respondent's receipt of notice of petitioner's change of address has been clearly proved; the parties stipulated that respondent's examining agent received such notice in a telephone conversation on September 24, 1990. There is nothing in the record which suggests that the examining agent did not accept petitioner's notification as an effective communication of the change of address. In the instant case, we follow our precedent and hold that oral notification is sufficient to establish the requisite notice. Mollet v. Commissioner, supra; Frieling v. Commissioner, supra.
Respondent alternatively contends that petitioner's notice of his address change was too late to effectuate a change of address for purposes of the statutory notice issued on October 17, 1990. When notified of a change of address, the Commissioner must exercise reasonable care and diligence in determining the taxpayer's correct address for mailing a notice of deficiency. Keeton v. Commissioner, 74 T.C. 377, 382 (1980). *631 Whether the Commissioner has exercised reasonable care and diligence must be decided in light of all of the facts and circumstances and we reiterate that the focus is on what the Commissioner knew or should have known with respect to the taxpayer's last known address. Monge v. Commissioner, supra.In the instant case, we do not think that respondent exercised the requisite care in recording the proper address for mailing of notices to petitioner. The telephone conversation in which petitioner communicated the change of address to respondent took place on September 24, 1990. That date is over 3 weeks (23 days) prior to the mailing of the notice of deficiency. The notice was given directly to respondent's examining agent, who had sufficient time to see that the change was made in the Internal Revenue Service's records. The instant case does not involve a change of address communicated by the filing of a return from which the Service is required to update its records. The cases cited by respondent, Williams v. Commissioner, T.C. Memo. 1989-439, Soria v. Commissioner, T.C. Memo. 1986-206, *632 and Singer v. Commissioner, T.C. Memo. 1986-193, all involved such a circumstance. We think such a circumstance distinguishes those cases because additional processing time may be necessary to update the Internal Revenue Service's records from a recently filed return. In the instant case, however, the notice was given directly to respondent's examining agent and it is the failure of the examining agent to act expeditiously that caused the notice of deficiency to be mailed to the wrong address. Under the circumstances of the instant case, we think that 3 weeks was sufficient time for respondent's records to be updated. Accordingly, we hold that this Court lacks jurisdiction over the instant case because the notice of deficiency is not valid. We, therefore, will dismiss the instant case for lack of jurisdiction and will deny respondent's motion. To reflect the foregoing, An appropriate order will be entered.